## Du Bois National Bank v. Olsen et al.

*Tax lien—Assignment of taxes—Lending money to pay taxes—Priorities.*

1. Where a bank lends money to pay city taxes, and takes from the city an assignment of its interest in the taxes, and the taxes are paid either before or after the assignment, the bank has no priority, by virtue of the assignment, in the distribution of the fund raised by a sheriff's sale of the taxpayer's real estate.

2. In such case, the payment of the taxes ended the lien and the bank was merely an ordinary creditor.

Exceptions to auditor's report in distribution of proceeds of sheriff's sale of real estate. C. P. Clearfield Co., Feb. T., 1925, No. 40.

*Bell & Brockbank*, for plaintiff; *N. F. Womer*, for defendants.

CHASE, P. J., Oct. 14, 1927.—The material facts involved in the issue raised by the exceptions in this case are, in substance, as follows:

Carl G. Olsen was indebted in the sum of $188.71 for county, school and City of Du Bois taxes for the years 1924, 1925 and 1926. That the tax col-

lector and city treasurer was O. S. Sutter. That on Aug. 31, 1926, the except-ant, the Union Banking and Trust Company, loaned to the wife of Olsen sufficient money to pay these taxes and with the express purpose of paying the same, taking a note for the amount of the loan, but, in addition thereto, it was agreed that the city treasurer and tax collector, O. S. Sutter, should assign all rights, title and interest in and to the taxes, with full right and power, to the Union Banking and Trust Company to collect, by virtue of the assignment, the preferred claim for taxes against the estate of Olsen, who was a bankrupt, with all the rights of collection that the tax collector had or was entitled to prior to the time of payment of the taxes. This assignment and power was duly executed on Aug. 31, 1926. Execution was issued by the Du Bois National Bank against Carl G. Olsen on May 19, 1927, and the real estate of Olsen on which the taxes were assessed was sold by virtue of the execution on June 24, 1927, by the Sheriff of Clearfield County. This execu-tion was on a judgment entered of record Dec. 8, 1924. The moneys from the sale were awarded by the auditor to the judgment.

In addition to these facts, it appears that at the time the taxes were paid the collector had a levy on Olsen's personal property for the taxes due, which was released upon payment of the taxes by the exceptant. It further appears that the assignment aforementioned was filed in the nature of a tax lien to No. 1, May Term, 1927, on April 4, 1927, in the office of the prothonotary. Exceptant contends that this assignment subrogated the rights of the taxing powers to priority of claim to the exceptant.

As we view the law, it is unnecessary to discuss the effect the levy of the tax collector had on this assignment. The lien for taxes is the creature of statute, and if the statute has not been complied with, the lien would be void, or, if the purposes for which the lien is allowed by the statute ceases to exist, then the rights given by the lien cease. In other words, the purpose of the act being to give priority as a lien on property for taxes, when the taxes are satisfied, the subject is no longer in existence which is essential to the opera-tion and continued effect of the act, and by that act of payment of the taxes the lien ceases.

The act of assembly says all taxes are declared to be a first lien, etc. See Act of June 4, 1901, P. L. 364. The power under the various acts permitting the priority of lien for taxes is to lien for taxes. If there are no taxes due, no lien could be entered. If a lien is entered for taxes due and unpaid, the pay-ment of the taxes satisfies the lien.

In the instant case the assignment is ineffective for the purposes intended, under any of the views or conclusions drawn from the testimony. The evi-dence clearly shows that, either after or before the assignment, the taxes were paid, and when they were paid, the subject which gives a right to a lien ceased to exist, regardless of who paid them or what may have been the con-ditions under which they were paid.

The assignment in this case is not the assignment of a lien to collect taxes; it was an attempt to subrogate by assignment the special rights given under the law as to priority for taxes, to secure a debt for money borrowed to pay these taxes. This right of priority under the law being for taxes, the subject on which the priority is attempted to be based not being taxes, but being for a common debt, the act does not operate, there being nothing in the act of assembly which would permit such a substitution.

Now, Oct. 14, 1927, exceptions dismissed, at cost of exceptant, and the auditor's report and schedule of distribution is affirmed. Exceptions noted and bill sealed to the exceptant.        From John M. Urey, Clearfield, Pa.